[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven. Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant whose birth name is Louise J. Whaley were married on September 23, 1972 in Mount Sinai, New York. Both parties have resided continuously in the State of Connecticut for at least one year immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are two adult children issue of the marriage. The defendant does not have any minor children. Neither party has received state assistance.
The court finds that each party is equally at fault for the breakdown of the marriage.
The plaintiff is 55 years old and in good health. The plaintiff is employed as a general manager for Spicer Plus, Inc. His average gross weekly pay is $1,057.69 and his net weekly pay is $847.34. In addition he has an Exxon Retirement for which he received gross weekly income of $34.36 for a combined net weekly pay of $881.70.
The plaintiff's employment includes the following benefits:
b. Dental Insurance with $10,000 life policy;
c. Two weeks vacation;
d. 48 hours per year sick leave;
e. 401K plan.
He also receives vacation and sick time at no cost. He is CT Page 306 provided with a company vehicle and the company pays for the registration, insurance, gasoline, repairs and any property tax. He has the following liabilities:
Name of Creditor Balance as of 12/10/98 Weekly payment
Chase line $4,900.00 $44.00
Discover $3,225.00 $20.00
Sears $1,921.00 $11.00
 Macy's (2 separate credit accts.) $950.00 $11.00
Penny's $550.00 $15.00
 State of Connecticut Department of Revenue $648.00 $38.00
Citgo $204.00 $34.00
Shell $250.00 $5.00
Texaco $201.00 $3.00
IRS $975.00 $12.00
Three Plus loans for Children's College consisting of:
 1. Sally Mae $72,000 $122.00 This loan is in the plaintiff's name only calls for monthly payments of $528.00
 2. Plus loan for Chris $10,000 $36.00 Monthly payment of $135.00
3 . USA group $12,000.00 $32.00
The defendant is 51 years old and in good health. The defendant inherited approximately $60,000 in 1996. The funds were used for payment of various family liabilities.
The defendant is employed by the State of Connecticut. She has gross weekly income of $938.19 and a net weekly income of CT Page 307 $699.82. She has a pension plan with the State of Connecticut with an unknown present value. The plan will pay her $249.00 per month at age 65. She also has an Traveler's deferred compensation plan with a present value of $934.22.
The defendant has the following liabilities:
Creditor Balance Weekly payment
a. Household Bank (MC) $4,700.00 $25.00
b. Lerners $450.00 $10.00
c. Macy's $300.00
d. J.C. Penny's $247.00
e. FCNB $980.00 $25.00
f. Sears (joint) $750.00
g. Discover $400.00
h. Express $400.00 $10.00
i. Capitol One Visa $700.00 $10.00
j. Amex $900.00 $70.00
k. Sally Mae (student loan) $4,100.00 $20.00
l. CALS (student loan) $1,600.00 $13.00
m. DRS (taxes joint) $648.00 $38.00
n. IRS (taxes joint) $975.00 $12.00
The parties own a family home located at Madison, CT. The court finds that the fair market value of that home is $310,000.00. It has a first mortgage with a balance of approximately $174,000.00 and an equity loan with a balance of $45,000, for combined liens of approximately $219,000 and an equity of approximately $91,000.00.
The parties used approximately $24,600.00 from the equity CT Page 308 line of credit for paying various credit card and bank liability balances.
The defendant vacated the home July 1998. At the present time the plaintiff is living in the family home with the adult son and daughter of the marriage. The monthly payment on the first mortgage on the family home is $1,974.00. The monthly payment of the equity line of credit is $340.00. Prior to the time the defendant vacated the family home the parties would pool their joint funds from their employment. During May and June of 1998 the defendant did not contribute towards paying the first mortgage or equity line of credit. Most of the Chase line of credit debt owed by the plaintiff for the balance of approximately $4,90.00 was used for paying the first mortgage and equity line of credit during May and June of 1998. The equity line of credit was drawn on prior to the time the parties separated.
This court has considered the provision of section 46b-82
regarding the issue of alimony, and has considered the provision of section 46b-81(c) regarding the issue of property division, and has considered the provision of section 46b-62 regarding the issue of attorney's fee. The court entered the following orders:
 A. By way of dissolution 1. The marriage between the parties has dissolved and each party is declared to be single and unmarried.
 B. By way of Alimony
1. No alimony is awarded in favor of either party.
 C. By way of attorney's fees 1. No attorney's fees are awarded in favor of the defendant.
 D. By way of property orders —
1. The defendant has the right to claim 1/4 of the payments made on interest and real estate taxes and for Federal and State Income Tax purposes and the plaintiff has the right to claim 3/4 of such interest and real estate for Federal and State Income Tax purposes CT Page 309 for the 1998 calendar year. The plaintiff has the right to claim all of the interest and real estate taxes, for federal state income tax purposes, for the calendar year 1999, for such payment as he makes in 1999.
 2. The parties entered into a written agreement regarding the division of various personal property marked as court exhibit 1. That agreement is approved of and orders are entered in accordance with that agreement.
 3. The parties shall immediately place the matter of residence located at 222 Opening Hill Road, Madison, CT on the market for sale at its fair market value. The court retains jurisdiction over any disputes that may arise involving the sale of the home. In the event either party learns of any offer to purchase then that information is to be immediately communicated to the other party. The plaintiff may continue to reside in the marital home until its sale. He is to cooperate with the real estate agent in allowing access to said property and shall continue to maintain said property until its sale for as long as he is in occupancy. He shall be responsible for and hold the wife harmless from all expenses relating to said property until its sale during the time he occupies said property. Upon the sale of said real property, the net proceeds of the sale which shall be defined as the sale price less cost of sale, inclusive of real estate commission, conveyance taxes and closing costs, less pay off of the first mortgage to New Haven Savings Bank with a current principal balance of approximately $174,000 and the equity loan to New Haven Savings Bank with a current principal balance of approximately $45,000.00 shall be divided as follows: 50% to the husband and 50% to the wife.
 4. The wife may retain all interest in her State of Connecticut retirement plan and Travelers plan.
5. The husband shall retain his Exxon pension plan.
 6. The wife shall be responsible for the following debts and hold the husband harmless therefrom:
a. Her Sally Mae student loan with approximate current CT Page 310 balance of $4,100.00
 b. Her CALS student loan with an approximate current balance of $1,600.00
 c. The Ford Credit Car loan secured by a lien against her 1996 Ford Taurus with an approximate balance of $9,100.00
 d. The plus loan for the adult child Chris with an approximate balance of $10,000.00.
 e. The USA group loan with an approximate balance of $12,000.00
f. Lerner with an approximate balance of $450.99
g. FCNB with a balance of approximately $980.00
h. Express with a balance of approximately $400.00
 i. Capitol One Visa with a balance of approximately $700.00
 j. American Express with a balance of approximately $900.00
 k. Houselhold Bank Mastercard with a balance of approximately $4,700.00.
7. The husband shall be responsible for and hold the wife harmless for the following liabilities.
a. The Sally Mae loan with a balance of $72,000.
b. Discover with a balance of approximately $3,225.00
c. Citgo with a balance of approximately $204.00
d. Shell with a balance of approximately $250.00
e. Texaco with a balance of approximately $201.00
8. The 1996 Ford Taurus is awarded solely to the defendant. CT Page 311
9. All miscellaneous house hold furnishings and furniture in the defendant's possession are awarded to the defendant.
10. The defendant's Webster Bank checking account with a nominal balance is awarded to the defendant.
The New Haven overdraft line with a overdraft of approximately $3,800.00.
11. The following debts will be split equally and are to be paid in full from the proceeds of the family home before the proceeds are divided 50-50.
 a. The Chase line of credit with a balance of approximately $4,900.00.
 b. The Macy credit card bill with a balance of approximately $950.00.
 c. The checking overdraft with New Haven Savings with a balance of approximately $3,800.00
d. The J.C. Penny Bill with a balance of approximately $550.00.
e. Sears with a balance of approximately $1,921.00.
 f. Department of Revenue with a balance of approximately $647.00.
g. IRS with a balance of approximately $975.00.
 E. Miscellaneous Orders 1. Counsel for the defendant is to prepare the judgment file within 30 days and send it to the plaintiff for signature and filing.
Sidney Axelrod Judge of the Superior Court